IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY J. PADGETT, AIS 239716, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:19-cv-741-ECM-SMD |
| | )                 (WO) |
| WILLIE BENNETT, et al., | ) |
| | ) |
|     Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ricky J. Padgett, an Alabama inmate, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his 2015 conviction for felony murder and his resulting 510-month sentence. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Padgett's petition be DISMISSED as time-barred. *See* 28 U.S.C. § 2244(d).

**I.    INTRODUCTION**

    **A.    State Court Proceedings**

        **1.    Conviction and Direct Appeal**

On September 25, 2015, a Montgomery County jury found Padgett guilty of felony murder, in violation of ALA. CODE § 13A-6-2(a)(3). Doc. 12-5 at 36. On October 20, 2015, the trial court sentenced Padgett to 510 months in prison. *See* Doc. 12-1 at 102; Doc.

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

12-7 at 1. The Alabama Court of Criminal Appeals summarized the trial evidence as follows:

> [T]he State presented evidence establishing the following. The victim, Danny Stroud, along with his girlfriend Salina Gordon and her three children lived in Gordon's house located on Powell Lane in Montgomery. On the morning of January 1, 2013, Padgett along with Amanda Stroud, Danny's sister, and Teri Snell, Danny's ex-girlfriend, drove to Gordon's house; Amanda and Snell planned to "fight" Gordon. Upon arrival, Padgett, Amanda, and Snell "were beating on [the door to the house], trying to kick it down." An argument ensued during which Danny retrieved the keys to Padgett's vehicle and stated that he was not going to return the keys until he called the police. As a result, Padgett "chased" Danny to the back of the house. Meanwhile, Amanda and Snell were breaking the glass in the windows of the house. At some point, Danny was stabbed in the abdomen. Nearby neighbors saw a man fitting Padgett's description running with a knife in his hand. The man fitting the description of Padgett was overheard yelling, "I killed your brother." Danny later died as a result of his injuries.
>
> In his defense, Padgett testified that Danny pulled a knife on him and that, during a struggle, Danny was stabbed with the knife. Padgett testified that he asked Danny if he needed to go to the hospital but that Danny indicated that "[he'd] be all right."

Doc. 12-7 at 2.

Padgett appealed on grounds that: (1) he could not be guilty of felony murder because he had recently stayed at the house where the victim was killed and therefore could not have committed a burglary of the house (the underlying felony in the felony-murder charge); (2) the prosecutor improperly solicited a juror's opinion during closing argument, and the trial court's curative instruction was inadequate; and (3) the State presented perjured testimony from a witness whose trial testimony was inconsistent with his testimony at the preliminary hearing. Doc. 12-1 at 191–200; Doc. 12-2 at 1–18.

2

On December 8, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Padgett's conviction and sentence. Doc. 12-7. Padgett applied for rehearing, which was overruled. Docs. 12-8 & 12-9. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on September 23, 2016. Docs. 12-10 & 12-11. A certificate of judgment issued on that same date. Doc. 12-11.

### 2. Rule 32 Petition

On September 13, 2017, Padgett, through counsel, filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 12-1 at 5–96. The Rule 32 petition presented numerous claims of ineffective assistance of trial and appellate counsel and also presented a claim that the trial court lacked jurisdiction to enter judgment because the jury was not sworn. *Id*. On January 30, 2018, the trial court entered a written order denying the Rule 32 petition. Doc. 12-5 at 98–103.

Padgett, represented by counsel, appealed and realleged the claims in his Rule 32 petition. Doc. 12-12. On November 9, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition.[2] Doc. 12-15. Padgett applied for rehearing, which was overruled. Docs. 12-16 & 12-17. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court

---

[2] In affirming the trial court, the Alabama Court of Criminal Appeals found it could not properly review Padgett's claims because his appellate brief did not comply with the requirements of Rule 28(a)(10) of the Alabama Rules of Appellate Procedure. Doc. 12-15 at 4.

3

denied on January 4, 2019. Docs. 12-18 & 12-19. A certificate of judgment issued on that same date. Doc. 12-19.

### B. Padgett's § 2254 Petition

Padgett filed his § 2254 petition on September 30, 2019.[3] Doc. 1. In his petition, he asserts claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel, and he also asserts that the cumulative errors of the trial court and his counsel deprived him of due process. *See* Docs. 1 & 3. Respondents contend that Padgett's § 2254 petition is time-barred.[4] Doc. 12 at 8–11. The undersigned agrees and recommends that the petition be denied without an evidentiary hearing and dismissed with prejudice.

## II. DISCUSSION

### A. AEDPA's One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] Although the petition was date-stamped as received by the court on October 1, 2019, Padgett avers that he placed the petition in the prison mailing system on September 30, 2019. Doc. 1 at 1, 15. Under the "prison mailbox rule," a *pro se* petition is deemed filed as of the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993).

[4] Respondents also argue that Padgett's claims are procedurally defaulted. Doc. 12 at 11–29. Because it is clear that the petition is time-barred, the court pretermits discussion of the procedural-default issue.

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  **B.**  **Computation of Timeliness**

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Padgett sought certiorari review with the Alabama Supreme Court in his direct-review proceedings, AEDPA's limitation period commenced 90 days after the September 23, 2016 issuance of a certificate of judgment in those proceedings. *See Pugh*, 465 F.3d at 1299. Ninety days after September 23, 2016, was December 22, 2016. Thus, for Padgett, the AEDPA statute of limitations in § 2244(d)(1)(A) began to run on December 22, 2016. Absent some effective tolling event, Padgett had one year, i.e., until December 22, 2017, to file a timely § 2254 petition. As

next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA filing deadline beyond that date.

### C.     Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), AEDPA's one-year statute of limitations is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As recounted above, on September 13, 2017—when 265 days of the limitation period had run[5]—Padgett filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's statute of limitations. The state court proceedings on the Rule 32 petition concluded on January 4, 2019—the date on which a certificate of judgment issued in Padgett's Rule 32 appeal. With the conclusion of the Rule 32 proceedings, AEDPA's statute of limitations began to run again, with 100 days (365 days - 265 days) remaining on the federal clock.[6] No other tolling event occurred in that time. Thus, Padgett had until April 15, 2019,[7] to file a timely § 2254 petition.

Padgett sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly

---

[5] From December 22, 2016, to September 13, 2017.

[6] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

[7] April 14, 2019, was 100 days after January 4, 2019. April 15, 2019 was the first business day after April 14, 2019, which was a Sunday.

recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

Here, the AEDPA statute of limitations expired on April 15, 2019. Padgett filed his § 2254 petition on September 30, 2019—making it untimely by 168 days (over five months) under the statute of limitations.

### D. Equitable Tolling

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308.

Padgett argues he is entitled to equitable tolling because he delayed filing his § 2254 petition beyond expiration of the statute of limitations to engage in efforts to obtain a "certified" copy of the preliminary hearing transcript, which he says he needed to bolster claims in his petition that stemmed from the State's alleged presentation of perjured

testimony from a witness who gave trial testimony inconsistent with testimony he gave at Padgett's preliminary hearing.[8] Doc. 15 at 3–10. Padgett maintains that, despite his efforts to obtain the certified transcript from the circuit court clerk as early as July 2018, when his appeal from the denial of his Rule 32 petition was still pending in the Alabama Court of Criminal Appeals,[9] he was unable to obtain a certified copy until October 30, 2019, when the circuit court clerk mailed a copy to him. *Id*. at 4–5. By that time, AEDPA's statute of limitations had expired. Padgett says the untimely filing of his § 2254 petition was therefore "beyond his control." *Id*. at 3.

By his own account, Padgett had a copy of the preliminary hearing transcript in his personal possession as early as July 2018, well before the circuit court clerk mailed a "certified" copy to him in October 2019 and well before AEDPA's statute of limitations expired in April 2019. *See* Doc. 15 at 6–7; Doc. 15-1 at 11–14. The record also reflects that shortly after the certificate of judgment issued in his Rule 32 appeal, over two months before the federal statute of limitations expired, Padgett knew the time for filing a federal habeas petition was running short. *See* Doc. 15-1 at 40, 44, 52. But instead of pursuing his rights in federal court by filing a § 2254 petition, he sought tolling of the federal limitations period through motions filed with the state trial court. *See* Doc. 15-1 at 38-69. The state court had no power to toll the AEDPA's statute of limitations, and nothing in the record

---

[8] The preliminary hearing took place in February 2013.

[9] The transcript of the preliminary hearing, which had not yet been generated when Padgett moved in July 2018 to have the preliminary hearing included in the record in his Rule 32 appeal, was made a part of the record on September 13, 2018, approximately two months before the Alabama Court of Criminal Appeals issued its memorandum opinion affirming the trial court's judgment denying the Rule 32 petition. Doc. 12-6 at 98. Padgett was represented by counsel this entire time.

8

suggests that the state court ever represented to Padgett that it had the authority to toll the running of the federal statute.

The undersigned finds that Padgett fails to demonstrate that his alleged difficulties in obtaining a certified copy of the preliminary hearing transcript prevented him from filing a timely § 2254 petition. It is clear from the record that Padgett participated in the proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual bases for his habeas claims, and he could have presented his claims to this court in a timely § 2254 petition without a certified copy of the preliminary hearing transcript. Furthered, as noted, he possessed a copy of the preliminary hearing transcript—and was fully aware of its contents—well before AEDPA's statute of limitations expired. Under the circumstances, Padgett needed nothing more to proceed with filing a habeas petition presenting the same claims presented in his untimely petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 633–34 (7th Cir. 2002); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to filing a federal habeas petition).

"[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Leroy v. Giles*, 2014 WL 3652311, at *6 (M.D. Ala. Jul. 23, 2014). *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (citation to transcript unnecessary for filing a habeas petition); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition);

*Montgomery v. Meloy*, 90 F.3d 1200, 1203–04 (7th Cir. 1996) (petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include [claims arising during such proceedings] in [a properly filed habeas petition]"). Accordingly, the court finds that Padgett fails to demonstrate that "some extraordinary circumstance stood in his way and prevented [his] timely filing" of a habeas petition. *Holland*, 560 U.S. at 649. *See, e.g., Lloyd,* 296 F.3d at 634 ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan*, 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation).

Padgett also fails to demonstrate that he exercised reasonable diligence in pursuing his § 2254 petition before expiration of the limitation period, as is also "required for equitable tolling purposes." *Holland*, 560 U.S. at 653. Despite the lack of a certified copy of the preliminary hearing transcript, Padgett could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation. He chose not to and instead pursued fruitless, and legally baseless, actions in the state court until and after the federal limitation period expired. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (court properly denied equitable tolling to petitioner based on deprivation of legal materials where petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials").

Under the circumstances discussed, AEDPA's statute of limitations period expired on April 15, 2019. Padgett filed his § 2254 petition on September 30, 2019, and he has

demonstrated no entitlement to equitable tolling. Therefore, his petition is subject to dismissal for untimeliness and his claims are not subject to further review.

### III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Padgett's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 23, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of September, 2022.

                                              /s/ Stephen M. Doyle
                                              STEPHEN M. DOYLE
                                              CHIEF U.S. MAGISTRATE JUDGE