IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY J. PADGETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:19-cv-741-ECM |
| ) | (WO) |
| WILLIE BENNET, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION and ORDER**

On September 9, 2022, the Magistrate Judge entered a Recommendation denying the Petitioner's petition for writ of habeas corpus (doc. 27). On September 26, 2022, the Petitioner filed objections to the Recommendation. (Doc. 28). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the petition for writ of habeas corpus is due to be denied.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]

party that wishes to preserve[his] objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added).

Following an independent evaluation and *de novo* review of the record in this case, the Court finds the objections to be without merit and are due to be overruled.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one–year limitation period for filing a federal habeas petition. 28 U.S.C. § 2244(d).

Padgett was sentenced in the Circuit Court of Montgomery County, Alabama on October 20, 2015. He appealed his conviction to the Alabama Court of Criminal Appeals which affirmed his conviction on July 1, 2016.[1] The Alabama Supreme Court denied his petition for certiorari and issued a certificate of judgment on September 23, 2016. The limitation period began to run ninety days thereafter on December 22, 2016. Padgett had one year from December 22, 2016, to file his federal habeas petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting "limitations period expires on the anniversary of the date it began to run"). Padgett filed his petition for writ of habeas corpus relief on September 30, 2019, beyond the one-year limitation period. (Doc. 1).

Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA's limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's

---

[1] In the Report and Recommendation, the Magistrate Judge erroneously stated that the Alabama Court of Criminal Appeals affirmed Padgett's conviction on December 8, 2017. (Doc. 27 at 3). This scrivener's error is immaterial since the limitations period did not begin to run until his state court appeal was final.

conviction and sentence. Padgett filed a Rule 32 petition in state court on September 13, 2017, which stopped the running of the limitations period. At that juncture, 265 days of the limitation period had expired. The AEDPA's statute of limitations remained tolled until proceedings related to the Rule 32 petition concluded. 28 U.S.C. § 2244(d)(2). The Circuit Court of Montgomery County, Alabama, denied the Rule 32 petition on January 30, 2018, and Padgett appealed. The Alabama Court of Criminal Appeals affirmed the trial court on November 9, 2018, and the application for rehearing was denied on November 30, 2018. *Padgett v. State*, 290 So. 3d 12 (Ala. Crim. App. 2018). The Alabama Supreme Court denied Padgett's petition for certiorari on January 4, 2019. *Ex parte Padgett*, 295 So.3d 613 (Ala. 2019). The denial of certiorari triggered the running of the limitations period. The limitations period expired on April 15, 2019.[2]

Padgett objects to the Recommendation asserting that the Magistrate Judge erred in not finding that he is entitled to equitable tolling of the federal limitation period because he was unable to file his federal habeas petition until he received a certified copy of a transcript of his preliminary hearing. According to Padgett, he needed a certified copy of the preliminary hearing transcript to properly proceed in this Court. (Doc. 28 at 5).

---

[2] Because April 14, 2019, fell on a Sunday, Padgett had until April 15, 2019, to file a federal habeas petition. *See* FED. R. CIV. P. 6(a)(1)(C) (providing that if last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday); *Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 986 n.3 (11th Cir. 2019) (same).

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Although Padgett argues that he is entitled to equitable tolling because he delayed filing while he was waited for the Circuit Court of Montgomery County to provide a certified copy of the transcript of his preliminary hearing, Padgett does not address a more fundamental problem with his habeas petition.  Padgett was clearly aware of his claims and could have filed his federal habeas petition in a timely manner.   Padgett fails to explain how the lack of the transcript prevented him from filing his federal habeas petition and presenting his claims in this Court.  Furthermore, Padgett has failed to demonstrate that it was a necessary and legal requirement for him to have the transcript before he filed his habeas petition.  Consequently, Padgett's failure to receive the preliminary hearing transcript does not constitute a real impediment to Padgett's ability to timely file his habeas

petition. Thus, this Court concludes that Padgett is not entitled to equitable tolling of the limitation period on the basis of a delay in securing the preliminary hearing transcript.

The Court concludes that Padgett has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from timely filing his § 2254 habeas petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired before Padgett filed the instant § 2254 petition.

Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED that the Petitioner's objections (doc. 28) are OVERRULED, the Recommendation of the Magistrate Judge (doc. 27) is ADOPTED, the petition for writ of habeas corpus filed by Padgett is DENIED, and this case is DISMISSED with prejudice.

DONE this 20th day of October, 2022.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE